618 So.2d 905 (1993)
Joseph E. SARPHIE
v.
Donald C. ROWE, D.C., and Gavin Chiropractic Life Center, Inc., (a Professional Chiropractic Corporation).
No. 92 CW 0975.
Court of Appeal of Louisiana, First Circuit.
April 23, 1993.
Writ Denied July 1, 1993.
*906 Michael Palmintier, and Steve Thompson, Baton Rouge, for plaintiff Joseph E. Sarphie.
Henry Salassi, Jr., Baton Rouge, for defendant Edward Gavin, Gavin Chiropractic Life Center, Inc.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
LOTTINGER, Chief Judge.
This writ application is on remand from the Louisiana Supreme Court with an order to set the case for "briefing, argument and opinion." 608 So.2d 182. This Court had previously denied Relator's application on grounds that the trial court had not abused its discretion in ordering the release of a patient-name list. We now grant the application due to recent, and now applicable, amendments in the law of privileges.

FACTS
This is a medical malpractice action against Donald Rowe, D.C.[1] and Gavin Chiropractic Life Center (Gavin) seeking damages for a ruptured disc and/or other injuries sustained by Sarphie during a side posture lumbar roll performed by Rowe on or about March 31, 1987. One of the primary defenses advanced by Rowe and Gavin is that Rowe did not perform the procedure in question because he does not do side posture lumbar roll adjustments. Rowe allegedly subscribes to a completely different treatment philosophy.
Four days after the side posture roll by Rowe, Sarphie was examined and given conservative treatment by another chiropractor employed by Gavin, Michael Hamby. Hamby's deposition was also taken in this matter. Hamby confirmed that Sarphie expressed displeasure with Rowe at the time of his initial examination.
Some time after Hamby's deposition, Sarphie requested that Gavin and Rowe provide a list of Rowe's patients for a period of time before and after the March 31, 1987 incident. Gavin and Rowe objected to furnishing the names. Sarphie then filed a motion to compel Gavin to produce the information. However, no Motion to Compel was filed against Rowe, who is no longer *907 employed at the Gavin Clinic, because only Gavin has the requested information.
The trial court compelled Gavin to produce the names of all patients seen by Rowe from June 1, 1986, to June 1, 1987, and placed restrictions on Sarphie's attorney to avoid the concerns voiced by Gavin in its application for writs. Specifically, the trial court ordered Sarphie's attorney to: inform any person on the list who is contacted that his name was furnished to counsel on the basis of a court order which required that a list of Rowe's patients be furnished to Sarphie's attorney; inform any person on the list that he is not required to cooperate and that he has a privilege which he is entitled to assert if he so chooses; and obtain a written waiver of the physician/patient privilege if the patient agrees to cooperate.

ASSIGNMENT OF ERROR
Gavin assigns as error the following:
When the trial court erroneously compelled Dr. Gavin to produce the names of all patients seen by Dr. Roe [sic] for a full year, it erred on the following two accounts: (1) in finding that the names of Dr. Roe's [sic] patients are not privileged under La.R.S. 13:3734, and (2) in finding that Sarphie's interest in discovering the names of these individuals outweighed the public policy considerations [sic], privacy interests of the patients, and the business and professional interests of Gavin Chiropractic Life Center, Inc. and of Dr. Roe [sic].

I
The provision around which this controversy turns is La.R.S. 13:3734, entitled "Privileged communications between health care provider and patient." This provision was amended, effective January 1, 1993, by Acts 1992, No. 376, section 4. La.R.S. 13:3734(B) was amended to provide:
B. In noncriminal proceedings, testimonial privileges, exceptions, and waiver with respect to communications between a health care provider and his patient are governed by the Louisiana Code of Evidence.
Section 8 of the act states that "[c]ommunications made prior to January 1, 1993, which were subject to a valid claim of privilege under prior law, retain their privileged character unless waived." (Emphasis added). Whether the privilege existed under the prior law or under the current law, a privilege does exist. Inasmuch as we find a privilege under the current law, we see no need to discuss whether a privilege existed under the prior law.

II
La.R.S. 13:3734 directs our attention to the Louisiana Code of Evidence and its newly enacted fifth chapter. See La.Code Evid. art. 1101(A)(2). The pertinent provision is Louisiana Code of Evidence article 510, which sets out the "Health care provider-patient privilege" along with several definitions. In Part B of the article, the evidence code sets out the privilege as follows:
B. (1) General rule of privilege in civil proceedings. In a non-criminal proceeding, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representatives.
Important definitions are now contained in two preceding sections of Part A of the article and broadly define "confidential communication" as follows:
(8)(a) "Confidential communication" is the transmittal or acquisition of information not intended to be disclosed to persons other than [persons involved in the patient's treatment]. (Emphasis added)
(8)(b) "Confidential communication" includes any information, substance, or tangible object, obtained incidental to the communication process and any opinion formed as a result of the consultation, examination, or interview and also includes medical and hospital records made by health care providers and their representatives. (Emphasis added)
*908 We conclude that these sections mean when an individual walks into a doctor's office and opens his mouth, that everything spilling out of it, whether it be his identity or his false teeth (a "tangible object"), is presumptively privileged and beyond the reach of discovery. And, notably, the privilege is no longer exclusively the patient's. Part D of Article 510 states:
D. Who may claim the privilege. In both civil and criminal proceedings, the privilege may be claimed by the patient or by his legal representative. The person who was the physician, psychotherapist, or health care provider or their representatives, at the time of the communication is presumed to have authority to claim the privilege on behalf of the patient or deceased patient. (Emphasis added)
Given the unrestricted language of these provisions, we find that the Gavin patient name list is privileged and that the trial court's order is an abuse of discretion.

CONCLUSION
Therefore, for the above and foregoing reasons, the judgment of the trial court is REVERSED, and this case is REMANDED for further proceedings. Costs are assessed against respondent, Joseph E. Sarphie.
REVERSED AND REMANDED.
NOTES
[1] In accordance with our policy, we adopt the spelling of parties' names as they appear on the face of plaintiff's petition. We are not sure, however, that this is correct given that all parties repeatedly refer to this defendant as "Dr. Roe," as though he were an unknown person given a fictitious name for purposes of naming an individual in the petition. In any event, this matter has no bearing on our decision, and we merely note the discrepancy so that the parties may clarify the identity of this defendant for the record.